[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 38, and the defendant wife, 38, whose birth name is Rende, married on September 22, 1990 in Stratford, Connecticut. They have one child, Philip J., born June 18, 1994. No other child has been born to the defendant since their marriage. Both parties have been lifelong residents of Connecticut. Both are in good health.
The plaintiff began working for the town of Greenwich on or about October 12, 1983 and has been employed continuously since, now holding the position of highway quality control inspector. He lists an average weekly gross wage of $918 on his financial affidavit and, after mandatory deductions listed totaling $286, a net weekly of $632. He also serves in the U.S. Army reserves and is at the rank of Sergeant first class, having joined 19 years ago. From this source he lists an average weekly net of $78
The defendant has been employed by W. W. F. Entertainment, Inc. since September, 1987. She currently is a merchandise administrator earning a base gross annually of $40,000, having received her last increase last May. She has been granted options for purchase of her employer's stock. They have no present value.
The plaintiff became involved with another woman with whom he became acquainted with during his service with the reserves for she was also in the reserves. They first met in 1993 and the relationship ripened until the plaintiff moved from the family home on the weekend following Easter, 1997. He has been living with this woman since the separation. The plaintiff's behavior is the principal cause of the marriage breakdown.
The parties' home was sold and there is $17,131 being held in escrow. Also jointly owned are a 1994 Dodge Dakota, a 1993 GM Saturn and the furnishings previously situated in the family home. Also disputed is a claim each party is making to a 1987 Buick Grand CT Page 5182 National auto which has been always titled to the plaintiff's mother and which was acquired prior to the marriage. The court finds no jurisdiction over this auto since the mother is not a party. Various other assets are individually owned. The plaintiff has a vested pension with his employer as well as a 401(k) plan containing $14,000. The defendant has a profit sharing account and a 401(k) account against which she has borrowed $26,639. This loan was used to purchase her present home.
The plaintiff has two years of college completed while the defendant is a high school graduate.
Having reviewed the evidence in light of the statutes and relevant case law the court enters the following judgment:
 1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown and each party is declared to be unmarried, and the following orders are entered as part of the judgment.
 2. The parties are awarded joint legal custody of their minor child with his principal residence with the mother and reasonable visitation rights being given to the father substantially as he has requested in his claims for relief. The visitation schedule is appended hereto and shall be incorporated as part of the judgment.
 3. Child support is ordered paid by the plaintiff to the defendant as required by the Connecticut child support guidelines, a worksheet calculating the ordered amount being attached hereto and referenced herein. A wage withholding order is entered as required by statute.
 4. The defendant is awarded one dollar per year periodic alimony for a non-modifiable term of six years.
 5. The defendant is awarded the proceeds from the sale of 8 Oakwood Avenue, Norwalk Connecticut.
 6. The defendant is awarded the contents of the former marital home as her sole property.
 7. The plaintiff is awarded sole ownership of the 1994 Dodge Dakota. CT Page 5183
 8. The defendant is awarded sole ownership of the 1993 Saturn automobile
 9. Except as ordered above the plaintiff shall retain all his other assets including his deferred compensation, pension and what ever he now processes as his sole property.
 10. The defendant shall retain all of her assets as her sole property.
 11. The plaintiff shall be responsible for his attorney's fees and any other bills he has incurred.
 12. The defendant shall be responsible for her liabilities as listed on her financial affidavit.
 13. The defendant is awarded an allowance to defend in the amount of $5000 payable by the plaintiff in monthly installments of $500 with first payment due July 1, 2000.
The attorney for the plaintiff is directed to prepare the judgment file.
 VISITATION SCHEDULE
The plaintiff shall have the following visitation:
Every other weekend from Friday at 4 PM until Sunday at 6:30 PM unless the following day is a legal holiday which will expand the visitation until 6:30 PM on Monday. He shall visit every Wednesday evening from 4 PM until 6:30 PM.
Holidays:
 1. Christmas shall be divided into two parts: part A shall be from Christmas eve to noon Christmas Day and part B shall be from noon Christmas Day until noon on the following day. The plaintiff shall have part B this year and the parties shall alternate in future years.
 2. Thanksgiving shall be divided into two parts: part A shall be from 4 PM Wednesday until Friday 6:30 PM and part B shall be from Friday 6:30 PM until Sunday 6:30 PM. The plaintiff shall have part A this year and the CT Page 5184 parties shall alternate in future years.
 3. Easter and the Fourth of July shall be alternated with the plaintiff's visitation occurring from 4 PM the previous day until 6:30 PM on the holiday. The plaintiff shall visit this year on the Fourth of July.
 4. The plaintiff shall visit every Father's Day from 4 PM the day prior until 6:30 PM on the holiday.
 5. The defendant, notwithstanding any other provisions herein, shall have the child with her every Mother's Day.
These holiday visitations shall override the alternating weekend visitations and makeup time shall be given to adjust for the override.
Vacation:
The plaintiff shall be entitled to 3 vacation periods of one week each. The plaintiff shall notify the defendant at least two months in advance of each vacation week selected
 Miscellaneous
The plaintiff shall notify the defendant of his annual Army reserve schedule within one week of his receiving same and he shall notify her of any change as soon as he is advised of same. The parties shall exclude any weekend that involves his serving on active duty for purposes of establishing the alternating weekend visitations schedule. The plaintiff shall be responsible for transporting the child and he shall be allowed a grace time of 30 minutes. The plaintiff shall give the defendant at least one week notice if he is unable to exercise his weekend or holiday visitations and at least 48 hours notice if he is unable to exercise his Wednesday visitations. Each party should keep the other informed of the child's general whereabouts and shall immediately notify the other of any serious health problem, illness or serious accident.
The parties shall attempt to mediate any visitation disputes with the assistance of the family relations officer.
 COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
MOTHER FATHER CUSTODIAN Virginia Kurpeawski Peter Kurpeawski [X] Mother [ ] Father Other: CT Page 5185
COURT D.N./CASE NO. NUMBER OF CHILDREN Stamford J.D. FA97-0162639 1
CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH
I. NET INCOME (Weekly amounts) MOTHER FATHER
1. Gross income (attach verification) $ 774 $ 996 2. Federal income tax (based on all allowable exemptions, deductions and credits) $ 89 $ 161 3. State and local income tax (based on all allowable exemptions, deductions and credits) $ 26 $ 33 4. Social security tax or mandatory retirement $ 47 $ 57 5. Medicare tax $ 11 $ 13 6. Medical, hospital, dental, or health insurance premium payments (for other than child) $ 13 $ 13 7. Mandatory union dues or fees $ $ 9 8. Non-arrearage payments on court-ordered alimony and child support awards (for other than child) $ $ 9. Imputed support obligation for qualified child (Current support for all children/total number of children x number of qualified children) $ $ 10. Sum of lines 2-9 $ 186 $ 286 11. Net income (line 1 minus line 10) $ 588 $ 710
II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $ 1298 13. Basic child support obligation (from Schedule of Basic Child Support Obligations) $ 242 14. check here if noncustodial parent is a low-income obligor and refer to instructions: 15. child's health insurance premium $ $ 16. Total current support obligation (line 13 minus noncustodial parents line 15 amount if line 14 is checked; line 13 plus total of line 15 amounts for all other cases) $ 242 17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and the enter line 16 amount in the noncustodial parent's column on line 18.) 45 55 18. Each parent's share of the total current support obligation (line 17 times line 16 for each parent) $ 109 $ 133 19. Health insurance premium adjustment (enter line 15 amount for each parent) $ $ CT Page 5186 20. Social security dependency benefits adjustment $ $ 21. Sum of lines 19 and 20 (for each parent) $ $ 22. Presumptive current support amounts (line 18 minus line 21) $ $ 23. Recommended current support order (noncustodial parent only) (If different from line 22, state applicable deviation criterion on line 47.) $ $ 133
III. UNREIMBURSED MEDICAL EXPENSE
24. Net disposable income (line 11 plus noncustodial parent's line 23 amount for custodial parent; line 11 minus noncustodial parent's line 23 amount for noncustodial parent) $ 721 $ 577 25. Each parent's decimal share (rounded to two places) of combined net disposable income (each parent's line 24 amount divided by the sum of the line 24 amounts) 56 44
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $ S
V. ARREARAGE (OBLIGOR ONLY)
27. Delinquencies on current support orders $ 28. unpaid court-ordered arrearages $ 29. Support due for periods prior to the support action (not court-ordered) $ 30. Total arrearage (sum of lines 27 through 29) $
VI. ARREARAGE PAYMENT
31. Recommended current support order from line 23 (OR imputed support obligation if there is no current $ support order or the child is living with the obligor) 32. 20% of line 31 (but see instructions below) $ (If line 14 is checked, skip line 32 and go to line 37.) (If the child for whom the arrearage is owed is deceased, emancipated, or over age 18, skip line 32 and go to line 39.) (If the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level, enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter the line 32 amount on line 40.) 33. Obligor's line 11 amount $ 34. 55% of line 33 $ CT Page 5187 35. Line 34 minus line 31 $ 36. Lesser of line 32 or line 35 (Enter here and on line 40, and skip lines 37-39.) $ 37. 10% of line 31 $ 38. Greater of line 37 or $1 (Enter here and on line 40, and skip line 39.) $ 39. 50% of line 31 (Enter here and on line 40.) $ 40. Recommended arrearage payment (If different from line 45, explain on line 47.) $
VII. ORDER SUMMARY
41. Current support order $ 133 42. Unreimbursed medical expense order 56/44 43. Child care contribution 44. Total arrearage to state to family 45. Arrearage payment order 46. Total child support award: $
VIII. DEVIATION CRITERIA
47. Reason(s) for deviation from presumptive support amounts: (Attach additional sheet if necessary)
PREPARED BY TITLE DATE The Court (Charrigan, J.) 5-3-2000
___________________ HARRIGAN, J.